**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 07-30139 |
| | ) | |
| Richard E. Osterwalder, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No.  08-3094 |
| | ) | |
| Ericka S. Parker, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Grady L. Pettigrew, Jr., et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

This adversary proceeding is before the court on Plaintiff's Motion for Default Judgment [Doc. # 21]. Plaintiff is the duly appointed trustee for the bankruptcy estate in the underlying Chapter 7 case pending in this court [Case No. 07-30139]. In her complaint, Plaintiff alleges a legal malpractice claim against Grady L. Pettigrew ("Pettigrew") and the professional businesses for which he worked, Pettigrew & Associates and Grady L. Pettigrew, Jr. & Associates, LLC. Plaintiff's claims arise out of Pettigrew's

legal representation of Debtor Richard Osterwalder in the underlying bankruptcy case (Case No. 07-30139) and an earlier Chapter 11 bankruptcy case (Case No. 06-33343).

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. This court "may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11, referred under [§ 157(a)], and may enter appropriate orders and judgments. . . ." 28 U.S.C. § 157(b)(1). However, as to "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," this court's role is more limited – it must submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment must be entered by the district judge, 28 U.S.C. § 157(c)(1), unless the parties consent to the entry of a final order or judgment by the bankruptcy judge, 28 U.S.C. § 157(c)(2).

Courts have recognized that the word "proceedings," as used in § 157(b), must refer to the specific causes of action and grounds for relief sought by a party, and not to the entire action. *See, e.g., Beneficial Nat'l Bank, USA v. Best Receptions Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 945 (Bankr. E.D. Tenn. 1998) (citing *Ralls v. Docktor Pet Centers, Inc.*, 177 B.R. 420, 425 (D. Mass. 1995)); *Bliss Techs., Inc. v. HMI Indus., Inc. (In re Bliss Technologies, Inc.)*, 307 B.R. 598, 603 (Bankr. E.D. Mich. 2004); *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 116 (N.D. Tex. 2006). Therefore, a bankruptcy court must examine each cause of action or ground for relief separately to determine if it is core or non-core. *Bliss Techs., Inc.*, 307 B.R. at 603. "The mere fact that a claim is brought ancillary to a proper bankruptcy claim does not render the former a core proceeding." *Best Receptions Sys., Inc.*, 220 B.R. at 945. A claim is a "core" proceeding if it either invokes a substantive right created by federal bankruptcy law or could not exist outside of the bankruptcy. *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir. 2002).

In this case, the Trustee alleges that Pettigrew engaged in malpractice, malfeasance, and/or misfeasance in representing Debtor Richard E. Osterwalder in both the underlying bankruptcy case and an earlier Chapter 11 case and seeks damages that include the filing fees and attorney fees incurred in both cases. Courts have found that professional malpractice claims that arise during and are based upon the defendant's handling of the debtor's bankruptcy case are within the bankruptcy court's core jurisdiction. *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 929-32 (5th Cir. 1999); *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003); *Heck-Dance v. Cardona-Jimenez*, 102 Fed. Appx.

2

171 (1st Cir. 2004); *Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 260-62 (3rd Cir. 2007). Plaintiff's claims to the extent based on the underlying case meet this description and are core. Malpractice claims that arise pre-petition are related to the bankruptcy case since any recovery received would be an asset available for distribution to creditors, but such claims are not core. *See Browning*, 283 F.3d at 773; *Helbing v. Josselson (In re Almasri)*, 378 B.R. 550, 552-53 (Bankr. N.D. Ohio 2007). Plaintiff's claims to the extent based on Debtor's prior Chapter 11 case meet this description and are related but not core. While the court has jurisdiction over the Trustee's related but non-core claims, it may not enter final judgment on such claims, *see* 28 U.S.C. § 157(a) and (c)(1), absent consent by the parties, 28 U.S.C. § 157(c)(2). There is no express consent by Defendants to the entry of final judgment by this court on non-core claims. Nor will this court infer Defendants' consent to this court's entry of final judgment from their default. And because at least some of the Trustee's evidence relating to damages, specifically, Pettigrew's attorney fees paid by Debtor, was presented without distinguishing between damages relating to the core versus the non-core proceeding, the court cannot enter a separate money judgment in the core proceeding. The court will, therefore, submit these proposed findings of fact and conclusions of law to the United States District Court for de novo review and entry of final judgment in this adversary proceeding pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 9033. *Cf. Mirant Corp. v. Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) (finding that withdrawal of reference of the entire adversary proceeding was warranted, notwithstanding that both core and non-core claims were asserted).

**PROPOSED FINDINGS OF FACT**[1]

On June 19, 2008, the Clerk issued an alias summons and notice of pre-trial conference [Doc. #8]. Service of the alias summons was executed on all Defendants on June 20, 2008. [*See* Doc. # 15]. The alias summons required an answer or other response to the Complaint to be filed by July 21, 2008, and scheduled a pretrial conference. On August 5, 2008, the court held the scheduled pre-trial conference. There was no appearance by, or on behalf of, any Defendant, and no answer or other response to Plaintiff's complaint had

---

[1] In addition to allegations in the Complaint and the testimony at the hearing on the Motion for Default Judgment, at Plaintiff's request, the court takes judicial notice of the contents of its case dockets, including in both 06-33343 and 07-30139. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

3

been served and filed by any Defendant. The Clerk entered Defendants' default [Doc. # 17] under Federal Rule of Civil Procedure 55(a), applicable in this proceeding under Federal Rule of Bankruptcy Procedure 7055.

Plaintiff filed her motion for default judgment [Doc. # 21]. By order entered on October 6, 2008, [Doc. # 25], the court scheduled a hearing on the motion and, although Defendants filed a motion to continue the hearing on November 17, 2008, that motion was denied. On November 18, 2008, the court held the scheduled hearing. There was again no appearance on behalf of Defendants and a review of the record shows that no answer or other response to either the Complaint or the Motion for Default Judgment has been filed by any Defendant.

The following facts are alleged in the complaint. Pettigrew represented Debtor in two bankruptcy cases, case number 06-33343 and in case number 07-30139 until Debtor terminated the relationship on May 1, 2007. [Complaint, ¶ 21-22]. At the time he represented Debtor, Pettigrew was performing duties within the scope of his agency and/or at the direction of Defendants Pettigrew & Associates and Grady L. Pettigrew, Jr. and Associates, LLC. [*Id.* at ¶ 35]. As a result of this attorney-client relationship, Pettigrew had a duty to represent Debtor with the reasonable care, skill and diligence possessed and exercised by an ordinary attorney in similar circumstances. [*Id.* at ¶ 18]. Pettigrew's conduct during his representation includes the following:

   a.   Failure to appropriately review and provide advice regarding the filing of a petition for relief under Chapter 11;

   b.   Failure to follow the proper procedures and requirements for pursuing relief under Chapter 11, including but not limited to a failure to provide required credit counseling as set forth in Bankruptcy Code Section 109(h)(1) . . ., failure to open a debtor in possession account, a failure to file monthly operating reports, a failure to submit the required statements under oath, a failure to provide a secured creditor list as Schedule D, and a failure to list assets on Schedule B or transfers on the statement of financial affairs;

   c.   Failure to appear at a meeting with the U.S. Trustee's Office on November 30, 2006, in Case No. 06-33343;

   d.   Upon the re-filing of [Debtor's] Chapter 11 petition, Case No. 07-30139, a failure to file an extension of stay to prevent creditor action against Debtor; and

   e.   Failure to adequately counsel Debtor with regard to the sale of assets while in bankruptcy, resulting in Debtor's improper liquidation of assets.

4

[*Id.* at ¶ 23]. As a result of Pettigrew's actions or inactions in case number 06-33343, Debtor's original Chapter 11 petition was dismissed. [*Id.* at ¶ 24]. And as a result of Pettigrew's negligent representation in both cases, Debtor has sustained a pecuniary loss. [*Id.* at ¶ 25].

The court credits the testimony of attorney H. Buswell Roberts, offered as expert testimony at the November 18 hearing, that Pettigrew's representation of Debtor in both bankruptcy cases breached the standard of care required of an attorney in similar circumstances and that, as a result, Debtor's first Chapter 11 case was dismissed and his second bankruptcy case was converted from Chapter 11 to Chapter 7. However, the court does not credit his testimony that had a Chapter 11 case never been filed, Debtor would not have been in a position requiring him to liquidate his assets. There is no allegation in the complaint, and no testimony or evidence was offered at the hearing, indicating that Debtor had the ability to successfully reorganize through a confirmable non-liquidating plan involving the retention of assets at the time either the first or second Chapter 11 case was filed. Debtor's amended schedules show that he owned approximately $366,000 in unencumbered assets and owed unsecured creditors over $1.6 million. Unsecured creditors filed proofs of claim in the underlying bankruptcy case (Case No. 07-30139) totaling over $1.3 million. Attorney Roberts offered no basis for his opinion that Debtor's financial circumstances would not have led to liquidation of his non-exempt assets, either inside or outside of bankruptcy.

Plaintiff, as Chapter 7 Trustee, ultimately caused Debtor's assets to be sold at auction. At the hearing on the motion, Plaintiff testified that the net value of the assets liquidated at the time of the hearing is $175,662.99. In addition, certain animal mounts are to be sold at auction that are valued at $21,500. Plaintiff further testified that Debtor incurred legal fees in the amount of $5,000 that were paid to Pettigrew for his representation in the two bankruptcy cases and an additional $11,500 paid to his current bankruptcy attorney who was substituted as counsel after Pettigrew's termination on May 1, 2007, and after the case was converted to a case under Chapter 7. Finally, Plaintiff testified, and the court's docket reflects, that Debtor paid $1,039 as filing fees in each bankruptcy case filed on his behalf, for a total of $2,078.

## PROPOSED CONCLUSIONS OF LAW

The court finds that notice, including service of the alias summons and complaint pursuant to Federal Rule of Bankruptcy Procedure 7004, has validly and properly been served upon Defendants. The return on service of the summons with the attached certified mail receipt cards shows that the summons and complaint were timely served on Defendants. In further support that actual notice of these proceedings has been received by Defendants, the court notes that no notices or mailings to Defendants have been returned

5

to the Clerk after the alias summons was served. Thus, the court finds that Defendants have failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure.

To establish a claim for legal malpractice based on negligent representation, a plaintiff must show "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Paterek v. Petersen & Ibold*, 118 Ohio St. 3d 503, 507 (2008). And "[u]nder the doctrine of respondeat superior, a principal is vicariously liable for the acts of its agent committed within the scope of the agency." *Nadel v. Burger King Corp.*, 119 Ohio App.3d 578, 589 (1997). The court finds that the well-pleaded factual allegations of the Complaint, which the court deems as true, *see Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006), constitute a valid cause of action against Defendants under the authority of *Paterek* and *Nadel*. In the absence of evidence to the contrary, the court finds based on the averments of the Complaint and the testimony at the hearing, that Pettigrew's representation of Debtor in case numbers 06-33343 and 07-30139 was negligent and that Defendants are liable for any damages caused by Pettigrew's negligence.

Plaintiff argues that the damages caused by Pettigrew's negligence total $215,840.54. Included in this figure is the value of the assets liquidated and those to be liquidated in the total amount of $197,262.54, attorney fees paid to Pettigrew in the amount of $5,000, attorney fees paid to Debtor's substituted attorney in the amount of $11,500, and the filing fees of $1,039 paid in each bankruptcy case. With respect to the value of the liquidated assets in the underlying bankruptcy case, as discussed above, there is no evidence indicating that, but for Pettigrew's negligence, Debtor had the ability to successfully reorganize through a plan involving retention of his assets and, therefore, that his financial circumstances would not have led to seizure and liquidation of his assets by his creditors. Absent such a showing, the court finds that the requisite causal connection between Pettigrew's negligence and any loss resulting from the liquidation of Debtor's non-exempt assets has not been shown.

Similarly, Plaintiff failed to demonstrate that attorney fees paid to Debtor's current bankruptcy attorney, who was substituted as counsel after the case was converted from Chapter 11 to Chapter 7, were the result of Pettigrew's negligence. While it is true that Debtor received no benefit in the Chapter 11 cases filed by Pettigrew, after the underlying case was converted, he did receive the benefit of a Chapter 7 discharge. [*See* Case No. 07-30139, Doc. # 313]. In light of Debtor's financial circumstances, and given

6

the lack of any evidence regarding his ability to successfully reorganize, the court cannot find that, but for Pettigrew's negligence, Debtor would not have filed a Chapter 7 case and would not have incurred the attorney fees paid by him in his Chapter 7 case. There is otherwise no evidence of the services rendered by substituted counsel for Debtor in this case from which the court can find any causal connection between Pettigrew's negligence and the charges for those services.

Due to Pettigrew's negligence, however, Debtor incurred attorney fees and filing fees for Chapter 11 cases in which he received no benefit at all. Plaintiff is, therefore, entitled to recover attorney fees in the amount of $5,000 paid to Pettigrew for his representation of Debtor in those cases and the $1,039 filing fee paid in Chapter 11 case number 06-33343 that was dismissed. In addition, she is entitled to recover $740, which amount is the difference between the $1,039 filing fee paid in case number 07-30139 and the $299 fee Debtor would have paid if a Chapter 7 rather than a Chapter 11 case had been filed. Damages resulting from Pettigrew's negligence, therefore, total $6,779.

## CONCLUSION

For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 55, made applicable by Federal Rule of Bankruptcy Procedure 7055, the court recommends that Plaintiff be granted judgment by default against Defendants jointly and severally in the amount of $6,779, plus costs and interest on the judgment from the date rendered until paid. The court submits these proposed findings of fact and conclusions of law to the United States District Court.

## NOTICE

Pursuant to Rule 9033 of the Federal Rules of Bankruptcy Procedure, the parties have **10 days** after being served with a copy of these proposed findings of fact and conclusions of law to file their written objections with the Bankruptcy Clerk of Courts. A party may respond to an objection within ten days after the objection has been served. Failure to file objections within the specified time may constitute a waiver of the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

7